Benjamin v. Davis et al.

---

BENJAMIN v. DAVIS ET AL.

73   715
83   394

.1 **Attachment:** LEVY ON LAND: SUIT BEGUN AT AVOCA: NO ENTRY IN INCUMBRANCE BOOK AT COUNCIL BLUFFS: INNOCENT PURCHASER. Under § 5, Chap. 134, Laws of 1886, it is the duty of the deputy clerk of the district court held at Avoca, (that not being a county seat,) to certify to the clerk at Council Bluffs forthwith a levy of attachment upon land in a suit begun at Avoca; and where such levy was made and entered in the incumbrance book at Avoca, but not certified and entered in the incumbrance book at Council Bluffs for twenty days after the levy, and, in the meantime, the intervenor, upon an abstract of title which did not show the levy, purchased and paid for the land, *held* that he took it free from the lien of the attachment. (Code, § 3022.)

*Appeal from Pottawattamie District Court*—HON. GEORGE CARSON, Judge.

WEDNESDAY, MARCH 7.

ACTION by attachment. Miller, the intervenor, asked that

the attachment, as to certain land, be set aside, for the reason that it was conveyed to him before the levy of the attachment was noted in the incumbrance book kept in the clerk's office at Council Bluffs. Plaintiff demurred to intervenor's petition. The demurrer was overruled. Plaintiff refused to plead further, and appealed from the decision overruling the demurrer.

*Fremont Benjamin,* for appellant.

*Shinn & Booth,* for appellee.

Beck, J.—I.    Chapter 198, Acts Twentieth General Assembly, provides for holding terms of the circuit court at Avoca, in Pottawattamie county.    Section 5 provides that the clerk of the courts shall keep an office at Avoca where he or a deputy shall reside.    The circuit court was abolished by chapter 134, Acts Twenty-first General Assembly. Section 5 of this act contains this provision:  " The judges shall hold the district courts in the several counties of their districts at all places where district courts or circuit courts are held at the time this act takes effect: provided, that the grand jury shall only be required to attend at county-seats, and the district court shall hold not less than two terms at other places than county-seats where the circuit court is authorized to be held at the time this act takes effect, and the district court shall hear and determine civil causes, including probate, only as heretofore exercised at such places by the circuit court, and jurors shall be drawn thereat as heretofore provided therefor: and provided further, that transcripts of all judgments, decrees, and levy of writs of attachment on real estate, mechanics' liens, *lis pendens,* sales of real estate, redemptions, satisfaction of judgments, mechanics' liens, dismissal of decrees in *lis pendens,* together with all other matters affecting titles to real estate, shall be certified by the deputy clerk at such other places, other than county-seats, forthwith, to the clerk of the district court, who shall enter the same upon the records in

his office in all respects as if originating and originally filed, begun and entered at the county-seat of such counties: and provided, further, that the provisions of section 163 of the Code shall be and remain in full force and effect under the provisions of this act: provided, that this section shall not affect places other than county-seats where courts have been held ten years. *    *    * " In the case before us, the clerk of the court at Avoca, wherein the suit was commenced, did not within twenty days after entry of the attachment in the incumbrance book kept in the clerk's office at Avoca, send a transcript thereof to the clerk at Council Bluffs, and no entry of the attachment was made in the incumbrance book of that office. The intervenor, within the twenty days, procured an abstract of the title, which did not show the levy of the attachment, and purchased and paid for the land attached, and received a deed therefor from the defendant in the attachment. He now insists that, as the attachment was not entered in the incumbrance book kept in the Council Bluffs office, it is not a lien on the land as against him, under Code, § 3022.

II. The question for our decision in this case is this: Did the attachment impart notice, in the absence of an entry thereof on the incumbrance book kept in the Council Bluffs office? The statute above quoted, in plain language, requires a transcript of the levy of attachments to be forthwith certified to the Council Bluffs office, to be entered in the proper record kept therein. This requirement is not without a purpose. It is plainly introduced to impart notice of the incumbrance. Code, § 3022, declares that notice is alone imparted by the entry in the incumbrance book. That section requires the sheriff to make the entry, when no transcript thereof is required to be sent from another office. The statute above quoted directs the clerk to make it when such transcript is sent. The statute provides that the incumbrance book shall be kept. (Code, § 197.) Section 5; chap. 134, Acts Twenty-first General Assembly, above quoted, requires the clerk to

enter the levy in the incumbrance book. Code, § 3022, declares that the levy shall not impart notice unless the entry be made. It plainly appears that no notice is imparted in the absence of the entry.

III.   It is insisted that the entry of the levy in the incumbrance book at Avoca is a compliance with the law. If so, why does the statute require the transcript to be sent to Council Bluffs? Why do the vain and expensive thing of requiring the transcripts, if they are to be of no effect when entered? But the statute above cited plainly provides that the levy shall be entered in the incumbrance book at Council Bluffs, and notice thereof is imparted by the entry, and in no other way.

IV.   It is said that the provision of the statute requiring the transcript of the levy to be sent to Council Bluffs and entered by the clerk there in the incumbrance book is merely directory. The contrary plainly appears upon consideration of Code, § 3022, which declares that notice of the levy can be given only by the entry thereof in the incumbrance book, and the further consideration that the obvious purpose of the statute, in requiring the transcript to be sent and entered, is to provide for notice of the levy.

V.   And it is said that, if the law be mandatory, it will be in the power of the clerk by neglect to defeat the lien of a levy. That may be true. But the sheriff, by neglecting to enter the levy in the incumbrance book, which he is required to do by the statute, may also defeat the lien of the levy; and so a recorder of deeds, by failing to record and index an instrument creating a lien, may defeat it. There are numerous other cases where the neglect of officers will defeat the rights of persons depending upon the discharge of their official duty.

We reach the conclusion that the failure to enter the levy in the incumbrance book at Council Bluffs defeated the lien thereof as against the deed of the land to the intervenor. The judgment of the district court is          AFFIRMED.